***********
After review of the record and the decision of the North Carolina Court of Appeals and having allowed additional briefing and oral arguments, the Full Commission finds that good grounds exist to reopen this case for additional evidence. Good grounds also exist to refer this case to mediation on an expedited basis prior to resetting it for hearing before a Deputy Commissioner. Accordingly, the Full Commission enters the following Order.
 ***********
On March 8, 1990, Plaintiff sustained an admittedly compensable work injury to his lower back. On April 2, 1990, the North Carolina Industrial Commission approved a Form 21 agreeing to pay compensation for "necessary weeks" and giving Plaintiff a presumption of continuing disability due to his March 8, 1990 work injury to his lower back. Thereafter, this case has had a *Page 2 
very lengthy litigation history, which has been adequately recited in prior Opinions and Awards from the Industrial Commission and in decisions from the North Carolina Court of Appeals.
With respect to the current litigation, at the March 3, 2010 telephonic hearing before the Full Commission, Plaintiff's counsel stated that new evidence existed regarding Plaintiff's efforts to cooperate with vocational rehabilitation and his search for employment since the March 22, 2007 Full Commission Opinion and Award. Additionally, it was noted that Defendants have not had an opportunity to present evidence to rebut Plaintiff's Form 21 presumption of continuing total disability since the prior hearing before the Deputy Commissioner was focused on whether Plaintiff had cooperated with vocational rehabilitation.
Accordingly, the Full Commission is of the opinion that further evidence is needed in order to properly make a determination of Plaintiff's cooperation with vocational rehabilitation and to allow Plaintiff to provide evidence of his employment search efforts since the March 22, 2007 Full Commission Opinion and Award. The Full Commission is also of the opinion that Defendants need an opportunity to present evidence to rebut Plaintiff's Form 21 presumption of continuing total disability. This case would benefit from a referral to mediation prior to further hearings.
Therefore, the Full Commission ORDERS that this case be remanded to the Deputy Commissioner level and referred for an expedited mediation. If mediation is unsuccessful, this case shall immediately be referred to Chief Deputy Commissioner Wanda Blanche Taylor for assignment to a Deputy Commissioner for the taking of evidence on Plaintiff's cooperation with vocational rehabilitation, Plaintiff's employment search efforts since the March 22, 2007 Full Commission Opinion and Award and on Defendants rebuttal of Plaintiff's Form 21 presumption of continuing total disability. The Deputy Commissioner will determine whether further deposition testimony is needed. *Page 3 
IT IS FURTHER ORDERED that the Deputy Commissioner shall gather the evidence, order a transcript of the proceedings, and forward such transcript to the Full Commission for review and decision. Upon receipt of the transcript of the remanded proceedings, the Full Commission shall enter an Order setting forth a schedule for briefing and for further oral arguments, if necessary. All correspondence from the parties to the Full Commission concerning this matter shall be directed to Bernadine S. Ballance, Commissioner.
This the ___ day of March 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1